I represent the appellant in this case, Mr. Kich, also goes by, he goes by Kik. Okay, that's what I thought, you had a footnote or something on that, yeah. It's not a good sign to get off on that foot with your, mispronouncing your client's name, but hopefully the rest of my argument goes a little smoother. Is it Kik or Kich? Kik. Kik. Kik, okay. So now that we have that out of the way, we've got Mr. Kich, who is over 40 years of age and is claiming age discrimination is responsible for his termination from employment with the city of Reno. He worked as an employee with the city for many years, he suffered from alcoholism and that led to his first and second DUIs. These consecutive DUIs, essentially that conduct, led to a suspension of his driver's license. That he was employed as? He drove, I don't know what the technical name is, but he cleans the pipes under the infrastructure of the city. When they get clogged, he's the guy that comes up with the truck and cleans it out. He's the guy who had to have a driver's license in order to do his job. He did. Definitely. That's the problem in this case. Yeah. So how did he get around it? You have to show he was, his problem was that he was too old, that they thought he was too old and they say he didn't meet the qualifications for the job because his license was suspended. That's correct. And so what we have to do is show this court that there is some evidence to create an issue of fact, that there is, that that reason is not a reason to terminate him when we do that. That's pre-textual. Well, that's pre-textual and also showing that that is really not the reason. Well, it would also seem that, you know, since he has to have a license to do this job, I mean, that's basically undisputed and I think that there's a federal regulation as well out there that says that they've got to have, you know, people, they have to have licensed drivers or they get into all sorts of problems with, um, I think he attempts at some point to, I mean, it seems to me he would have to show that there are other people that can do this job without a license. And I didn't see that in the evidence in terms of, I think there was some mention of other people, but I didn't see them as similarly situated. They are similarly situated with all due respect to your observation, your honor, in that these people were all people who had suspended licenses as a result of. But what did they do? But what did they have to have a license to, for their job? To drive. They were operators, just like the plaintiff. And they kept their job and got paid when they didn't have a license? Well, they, they suffered discipline, but they suffered discipline less than the termination in this case. And that's, that's the pivotal evidence, if you will, in the record that creates the issue of fact. That's the evidence right there. That's if you want, if you want the narrow issue in the case, that's where it is. They had two DWIs and they were just suspended for a brief period? Well. I mean, are they really in a similar circumstance? Everybody's different, of course. Yes. The, the details of that are, are to the extent the plaintiff knew it described in the answer to the interrogatory that the district court disregarded. That's. Well, I'm having trouble with, you know, alcoholism on the one side. You know, obviously if you take that as a disease and that it has to have accommodation. But when you're talking about conduct, people don't have to be drunk and drive and then have to have a license to do it. That, you know, that's a different situation. Obviously, if you were an alcoholic sitting at a desk job and he said, I need time off to go to rehab so that I can actually do my job, it's different. But when you're an alcoholic and you drunk drive twice and you don't have a license and your job is to drive, I, how do we get past that? Well, you've moved into the ADA part of the case and I'd like to move you back to the age part of the case. With all due respect, your honors, in other words, while not abandoning that argument on appeal, it seems to me that the, that there is sufficient evidence to reverse the district court on the age case. But what evidence is there in the record that someone younger got the job? That's, that's another issue that's before this court is, is strict replacement evidence necessary? We go into it. What evidence is there? The evidence that I've talked about, the comparative evidence of the other people who were substantially younger than him, who got DUIs, who got their driver's license suspended, and who suffered discipline less than termination. That's the evidence. They did give him a chance the first time, right? They did, but that was regarding the same course of conduct. And what, they terminated him that, on that occasion, remember, and he appealed that to the Civil Service Commission and he got a break. They suspended him. But that was for the same two DUIs. They considered the same conduct at the time. What happened was, DMV, nobody foresaw this, except maybe his boss. When his boss got the DMV thing, he called the DMV and got it. You just said that every case is different. I did. So. It's, it's true. And, so you don't need identity, identity on everything. Well, everything is different. But why would you want to give, why should we say that there's an inference here that it was because of his age? And why would we do that if someone is driving around in a city truck with two convictions for drunken drive? Well, he wasn't. He said he didn't have a license. Well, I. If they came out and said, it's because you're drunk all the time, then we'd be over in the ADA side. For the purposes of this appeal, I think the focus ought to be on the age evidence in the case. The age evidence is what I've described, the comparators who were substantially younger, who were able to. Well, just look at the fact that it was, that he, that younger people were suspended while they didn't have a license, and this guy was terminated, and therefore had to have been because of his age. Plus, they weren't allowed to work and have others drive. Well, now, we're kind of getting apples and oranges here, because I think, I hate to, you know, I hate to keep piling things on you here. You know, I mean, first he has to, on the one count, we're moving from, he has to show that he's qualified for the job. And the DUIs weren't his only issues, as far as that goes. But we'll move on. Let's go to the age discrimination. I still think on a prima facie case of age discrimination, you've got, you know, you've got to show that you were replaced by a younger, a substantially younger employee with same or less qualifications. His, he admitted in his deposition that he does not know who replaced him, the age of his replacement, or whether he was replaced at all. And what you're, you know, you're kind of saying on the age case, you're saying, well, younger other people got other sort of breaks. But that evidence is really going to whether he's qualified for a job. He still has to, the prima facie case for age discrimination, he's still got to show, he's got to put some evidence on that he was replaced by a substantially younger, less qualified person. That's the traditional way in which you do it. But McDonnell Douglas and the progeny in this circuit makes clear that that's a flexible test. Well, it doesn't take a lot to get past your prima facie case. But you've still got to, you've got to do something about it. Well, my point is that that's one construct. It's not the only construct in which to discern whether or not there's a genuine issue material fact for trial on discrimination. I think we understand what you're relying upon. You're relying upon the fact that there, so many people had DWIs. He was fired. The other people were younger and they weren't fired. And that's what you want us to base this, your argument. And that's what you want us to base the ruling on. Nothing else. Thank you. I'll reserve it for you. Yes. Thank you. Why were younger people treated differently? I'm sorry. Someone was coughing. Your Honor. I said it's early in your argument you want to tell us why younger people were treated differently, if they were. Yes, sir. Before you do that, would you introduce yourself for the record? Of course. My name is Craig Skaw and I'm representing the city of Reno in this case. I'm with the Reno City Attorney's Office. And may it please the Court, we are probably, I guess counsel has narrowed the issue, why there are differences. If you look at page 11 of my brief. He's not abandoning his other arguments, I don't think. Thank you. I'll keep that in mind as I go through here. But at the moment we're focusing on the age discrimination and whether there was something that showed there was any indication of age discrimination, as opposed to simply the city looking at its qualification of having a commercial driver's license. In each of the people identified by the plaintiff as having been retained, you need to look at the differences that exist there. And in each of those cases there's a real significant difference, and that is that there was only one DUI involved in those. Now the business decision to allow one DUI came into play because when the Department of Motor Vehicles suspends somebody for 90 days, after 45 days they would normally allow them to return to work with a limited license. In this case, though, what happened was Mr. Kick got two DUIs within the space of 30 days. So we already knew there was a second DUI going on that was going to prevent him from only having a 45, a limited time for doing this. So that's a very significant difference here, is that you have the two DUIs, not just one. So you weren't dealing with just 45-day suspension that the city had made a business decision in past cases it could put up with. It now had a much longer situation and acted consistently with that in the future. Once people had two DUIs, the decision was to terminate, except in one case, and that was an individual who worked in the maintenance shop. And he was different because he's doing a different job. He's not out there on the streets with just the two people in the crew. He's in a shop with eight people. They can all cover for him. He also had had specialized training on doing the smog checks. And so the city had a very large investment in that particular person, and he did not have the same situation at all that Mr. Kick, that the city faced with Mr. Kick. So I think the 45 days is probably the largest difference. There was also a hiring freeze back when those people were terminated or were considered. And so if we lost them, we couldn't replace them. So that was another difference. What about the disability side? The disability side of this, once again, we're looking at the judge made a decision that there was no evidence. In fact, Mr. Kick admitted he had no evidence that the disability, as opposed to the lack of a driver's license, was the reason for the termination in this case. That's sort of the same issue, if you will, that is involved in age. There's simply no evidence that the disability was the reason for the adverse employment action. But not only that, and that's the one that the lower court relied on, the ground, but you're free as a matter of law to look at further issues that were raised in the lower court. This person was not even disabled to begin with. He wasn't substantially limited in a major life activity. For instance, he testified that he had been an alcoholic for five years. It hadn't interfered with his job. He did have the DUI suspensions, but you don't have to be an alcoholic to have DUI suspensions. You could get one, theoretically, on the first two times you ever went out drinking. But the point is that it was his time off, his not having a commercial driver's license, as opposed to work issues or, pardon me, the alcoholism itself that was the reason for the termination. And the fact that cause existed was established by the fact that there was a civil service commission hearing that substantiated that cause existed, and that was affirmed by the state court. So it's clear this isn't some bogus reason out there. That was determined as a matter of law that this was a substantial reason for the termination. And there simply has been no evidence shown that the reason existed. Appellant's counsel, the argument that he's making is in terms of because younger employees with DUIs were treated differently, that that then assists him in making his prima facie case for age discrimination. Again, the mere fact that somebody is younger isn't enough. You have to show similarity or, in our case, we show dissimilarity between the treatment of those individuals. There were reasons why those people were treated differently. The primary reason is they only had one DUI and only a 45-day suspension. That had been the policy for even before Mr. Varela became. It had been the policy there for 10 years before Mr. Varela, who was the director at the time of this incident, came along. And all of the memos where a person gets one suspension say, look, you get 45 days because you can come back under DMV regulations at that point in time. But if you don't qualify for just that 45-day suspension or there's anything else involved, then you're out. And here there were two other things involved. First, he had the prior disciplinary actions. Second, he had a second DUI right away. So we're not talking about 45 days in this particular case. We're talking about a much substantially longer period of time. And that makes a huge difference, Your Honor. And it shows that their policies have been consistently handled based on the time involved, not based on age or disability. That's essentially my argument, unless you have additional questions, Your Honors. I don't appear to be in. Thank you. Thank you. I don't wish to add anything. The comment is submitted, Your Honor. Thank you. The case just argued is submitted for decision.
judges: Schroeder, Farris, Callahan